# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **BETTY L. LITTLEBERRY** | * | **CIVIL ACTION NO. 04-0440** |
| Versus | * | **JUDGE JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Plaintiff, Betty L. Littleberry ("Littleberry"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **AFFIRMED, and this matter dismissed with prejudice.**

Introduction

Littleberry filed her fifth application for disability insurance benefits on October 1, 2002. The current application is for disability claims of diabetes, migraines, leg pain and sinus problems that began on February 7, 1999. Littleberry was 50 years old at the time of her hearing before ALJ Raymond Gollmitzer. She has a ninth grade education and past work experience in housekeeping. The ALJ denied benefits, and the Appeals council found no reason to review the ALJ's decision. Littleberry, pro se, filed this judicial appeal. She believes that the ALJ misunderstood her at the hearing because he denied her disability insurance benefits. She states

1

that she is on medication and continues to have severe headaches and leg pain which prohibit her from working.

Standard of Review; Substantial Evidence

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple

impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Secretary of Health and Human Services has established a five-step sequential evaluation process for ALJs to utilize in determining whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The United States Court of Appeals for the Fifth Circuit, in *Loza v. Apfel*, succinctly summarized this evaluation process:

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity. If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry. If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps. At these steps, analysis is made of whether the person can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If he cannot do his past work or other work, the claimant qualifies for benefits.

219 F.3d 378, 390 (5th Cir. 2000) (internal citations omitted). The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). If at any point during the five-step review the ALJ finds the claimant disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Analysis

In this case, the ALJ found that Littleberry had no medically-severe impairment or

3

combination of impairments and concluded, at step two of the sequential evaluation, that she was not disabled under the Social Security Act. The ALJ noted that Littleberry was taken off diabetic medication in 1989 and did not take any diabetic medication again until June 2003. (Tr. 18). Consulting examiner Dr. David Hebert diagnosed Littleberry with "1) Type II diabetes mellitus, with very poor compliance but with no evidence of end organ damage; 2) History of frequent migraine headaches; and 3) Mild chronic sinusitis, probably allergic in origin." (Tr. 135). Dr. Hebert stated, "Medically, I see no reason why this individual could not do routine walking, sitting, standing or lifting of objects up to 25 lbs. frequently for an 8 hour day. At the present time, her diabetes mellitus and migraine headaches do not appear to be significantly impairing her abilities of daily living." (Tr. 135). In addition, no physician of record ever opined that Littleberry was disabled or could not work.

The ALJ found that Littleberry never complained to any physician about leg pain and medical evidence showed that she had full range of motion in all joints and could walk without difficulty. (Tr. 18). Littleberry also testified that she was able to live alone, drive, and care for her personal needs without assistance. (Tr. 118-125). In her letter-brief (Doc. 17), Littleberry claims that the ALJ was incorrect because "I do not mow lawns and the judge stated I do mow lawns." However, when Littleberry was asked about her household chores and yard work on the "Activities of Daily Living Form" she wrote, "I clean, do my own laundry, ironing and mowing." (Tr. 120).

Littleberry testified that she takes medication when she can afford it. (Tr. 213). Dr. Hebert noted that Littleberry produced "numerous [medication] bottles, most of which ... are greater than six months old. ... most of these are empty and are extremely old and out of date

4

including the diabetic medicine. (Tr. 133)

While Littleberry may disagree with the ALJ's findings, the substantial evidence supports the ALJ's determination that her alleged impairments were not disabling. An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988); *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Thus, the ALJ appropriately accorded greater credence to the weight of the medical evidence than to Littleberry's subjective complaints. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (subjective complaints unsubstantiated by medical findings need not be credited over conflicting medical evidence). Substantial evidence supports the ALJ's decision that Littleberry was not disabled within the meaning of the Social Security Act.

**For the reasons stated above, it is recommended that the Commissioner's decision to deny benefits be AFFIRMED, and that this civil action be DISMISSED with Prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this _____ day of September, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE